# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 APR -3 PM 3 17

CLERK
SO. DIST. OF GA.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF GEORGIA

### AUGUSTA DIVISION

FELENTHEAN DEANDRE GRABLE,        )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          CV 112-083
                                  )
CARL L. CANNON, Correctional Officer II, )
et al.,                           )
                                  )
          Defendants.             )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, brought the captioned case pursuant to 42 U.S.C. § 1983. The matter is before the Court on Defendants' motion to dismiss the case for want of prosecution.[1] (Doc. no. 20.) Plaintiff has not filed a response to Defendants' motion, and the docket shows that Plaintiff's service copy of the Clerk of Court's December 17, 2012 Scheduling Notice for this case was returned as "Undeliverable - Discharged Telfair S.P." (Doc. no. 19.) Thus, Defendants contend that the instant case should be dismissed pursuant to Fed. R. Civ. P. 41(b). (Doc. no. 20-1, p. 2.)

Under Loc. R. 7.5, failure to respond to a motion generally indicates that the motion is unopposed; however, the Court is reluctant to rule on a dispositive motion to dismiss without first hearing from *pro se* Plaintiff. Unfortunately, it is apparent that Plaintiff has failed to inform the Court of a change of address, making it impossible for the Court to

---

[1]Defendants have also submitted a motion to stay discovery pending adjudication of *their* motion to dismiss. (Doc. no. 21.)

communicate with him. Indeed, Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Court has explicitly warned Plaintiff on two occasions that his failure to immediately inform the Court of any change of address while this action is pending would result in the dismissal of his case. (Doc. no. 3, p. 4; doc. no. 8, p. 5.) The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but an abandonment

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

of his case. This is precisely the type of neglect contemplated by the Local Rule. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss (doc. no. 20) be **GRANTED**, that Defendants' motion to stay discovery be deemed **MOOT** (doc. no. 21), that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of April, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).